UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

AQUIL DUNBAR,

                                       Plaintiff,

               -against-

CITY OF NEW YORK, BRIAN FEELEY, Individually,
JONATHAN MARTINEZ, Individually, CHRISTIAN LOPEZ,
Individually, AVINASH PATEL, Individually, ELIAS WALLEN,
Individually, DANIEL STAFFA, Individually, ALEX VIERA,
Individually, MICHAEL MANCILLA, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                      Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

Plaintiff AQUIL DUNBAR, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff AQUIL DUNBAR is a thirty-one-year-old Black male resident of the State of New York, Kings County.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, BRIAN FEELEY, JONATHAN MARTINEZ, CHRISTIAN LOPEZ, AVINASH PATEL, ELIAS WALLEN, DANIEL STAFFA, ALEX VIERA, MICHAEL MANCILLA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. Plaintiff AQUIL DUNBAR asserts claims arising from being subjected to excessive force, falsely arrested, and thereafter denied his right to fair trial, and malicious prosecution, arising from events which occurred on November 30, 2022, beginning at approximately 4:20 p.m.

13. On said date, defendant NYPD officer BRIAN FEELEY falsely claimed that he observed through a window from the street, at dusk, on a rainy day, a person inside 808 Park Place, apartment 1B, Brooklyn, New York holding a turquoise-colored firearm.

14. Defendant FEELEY, accompanied by defendant NYPD officers JONATHAN MARTINEZ, CHRISTIAN LOPEZ, and AVINASH PATEL, who at the time was a NYPD Sergeant, then entered 808 Park Place and finding the door to apartment 1B unlocked, entered the apartment.

15. Defendants claimed to have observed a man, not plaintiff, flee through a window of the apartment.

16. Defendants MARTINEZ and LOPEZ allegedly pursued the individual through the window, while defendant PATEL allegedly exited the building, followed by defendant FEELEY.

17. At or around this time, plaintiff exited 808 Park Place, encountering defendant PATEL.

18. Based on the false claims of defendant FEELEY, defendant PATEL yelled to

plaintiff, "come here."

19.     Defendant PATEL further falsely claimed that plaintiff was holding his waistband when he yelled out to plaintiff.

20.     Plaintiff, who was neither committing a crime nor doing anything warranting his detention, observed defendant PATEL to be reaching for his waistband in a threatening manner when he yelled out to him, and so he attempted to leave the location in fear for his life.

21.     Plaintiff was pursued by defendants PATEL, ELIAS WALLEN, and DANIEL STAFFA.

22.     In the vicinity of 742 Nostrand Avenue, defendant PATEL needlessly deployed his taser conducted energy weapon at plaintiff, striking him in the arm.

23.     Defendants WALLEN, STAFFA, and PATEL then participated in subjecting plaintiff to further unreasonable force, including tackling plaintiff and slamming him into a car.

24.     Plaintiff was then handcuffed, arrested, and brought to a NYPD precinct by defendants WALLEN and STAFFA, rather than a hospital, despite having taser barbs lodged in his arm.

25.     Only after plaintiff complained of pain was he transferred to Interfaith Hospital for treatment.

26.     Plaintiff received treatment at Interfaith including removal of the taser barbs from his right arm.

27.     After plaintiff was arrested, defendant officers including defendants ALEX VIERA, MICHAEL MANCILLA, PATEL, and MARTINEZ returned to 808 Park Place and participated in searching the kitchen in apartment 1B.

28.     None of the defendants found a firearm in the kitchen.

29.    Subsequently, defendant FEELEY searched the kitchen and claimed to have found a turquoise firearm, which he falsely claimed he saw plaintiff holding through the window.

30.    At no time was plaintiff holding a firearm in a window on November 30, 2022.

31.    Plaintiff was subsequently arraigned in Kings County Criminal Court and thereafter imprisoned on Rikers Island.

32.    On or about December 6, 2022, a grand jury declined to indict claimant on the false allegations.  However, claimant continued to be imprisoned on Rikers Island due to a parole violation lodged as a result of his arrest and prosecution, until he was finally released from custody on or about December 15, 2022.

33.    The case against plaintiff was subsequently re-presented to a grand jury, and plaintiff was then maliciously indicted on several false counts related to his purported possession of a controlled substance and a firearm.

34.    On March 19, 2025, the counts of the indictment related to plaintiff's purported possession of a controlled substance were dismissed and sealed.

35.    Plaintiff proceeded to trial on the remaining firearm charges and, on April 1, 2025, all charges were dismissed either by a jury or via a trial order of dismissal.

36.    Defendants including FEELEY and PATEL falsified evidence against plaintiff, including that FEELEY saw plaintiff holding a firearm, that a firearm was located in the kitchen, that plaintiff's DNA was purportedly found on the firearm, and PATEL falsely claimed that plaintiff was holding his waistband when he exited 808 Park Avenue.

37.    Defendants relayed this false information to prosecutors and caused said evidence to be used against plaintiff and in furtherance of the malicious prosecution, which was initiated and continued without probable cause.

5

38.     Defendants FEELEY, MARTINEZ, LOPEZ, PATEL, and VIERA testified at criminal trial which led to plaintiff's acquittal.

39.     Defendants, including, JONATHAN MARTINEZ, CHRISTIAN LOPEZ, ALEX VIERA, MICHAEL MANCILLA and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, or failed to intervene in them despite a meaningful opportunity to do so.

40.     Defendant PATEL directly participated in the foregoing misconduct and supervised and approved of, oversaw, and otherwise failed to properly supervise his subordinate officers.

41.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

42.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse.

43.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

Informal inquiry by the court and among judges of this court, as well as

knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

44.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

45.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

46.     All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

47.     All of the aforementioned acts deprived plaintiff AQUIL DUNBAR of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.     As a result of the foregoing, plaintiff AQUIL DUNBAR sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendant officers, including FEELEY, PATEL, STAFFA, and WALLEN arrested plaintiff AQUIL DUNBAR without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

53.     Defendant officers caused plaintiff AQUIL DUNBAR to be falsely arrested and unlawfully imprisoned.

54.     As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The level of force employed by defendant officers PATEL, STAFFA, and

8

WALLEN was excessive, objectively unreasonable, and otherwise in violation of plaintiff AQUIL DUNBAR'S constitutional rights.

57.     As a result of the aforementioned conduct of the defendant officers, plaintiff AQUIL DUNBAR was subjected to excessive force and sustained serious physical injuries and emotional distress.

58.     As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants FEELEY, MARTINEZ, LOPEZ, PATEL, and VIERA initiated, commenced, and/or continued a malicious prosecution against plaintiff AQUIL DUNBAR.

61.     Defendants caused plaintiff AQUIL DUNBAR to be prosecuted without any probable cause until the charges were dismissed on or about March 19, 2025 and April 1, 2025.

62.     As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendant officers including FEELEY and PATEL created false evidence against plaintiff AQUIL DUNBAR.

65.     Defendants utilized this false evidence against plaintiff AQUIL DUNBAR in legal proceedings.

66.     As a result of defendants' creation and use of false evidence, which defendants conveyed to the Kings County District Attorney's Office plaintiff AQUIL DUNBAR suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

67.     As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants had an affirmative duty to intervene on behalf of plaintiff AQUIL DUNBAR, whose constitutional rights were being violated in their presence by other officers.

70.     The defendants failed to intervene to prevent the unlawful conduct described herein.

71.     As a result of the foregoing, plaintiff AQUIL DUNBAR was subjected to excessive force, he was denied his right to a fair trial, he was maliciously prosecuted, and he was

put in fear of his safety.

72.     As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Supervisory defendant PATEL personally caused plaintiff's constitutional injury by directly participating in the misconduct alleged herein and being deliberately or consciously indifferent to the rights of plaintiff in failing to properly supervise and train his subordinate employees.

75.     As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78.    The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff AQUIL DUNBAR'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff AQUIL DUNBAR.

80.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff AQUIL DUNBAR as alleged herein.

81.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff AQUIL DUNBAR as alleged herein.

82.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff AQUIL DUNBAR was unlawfully seized, detained, incarcerated, prosecuted, and subjected to physical abuse.

83.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff AQUIL DUNBAR'S constitutional rights.

84.     All of the foregoing acts by defendants deprived plaintiff AQUIL DUNBAR of federally protected rights, including, but not limited to, the right:

      A.     To be free from false arrest/unlawful imprisonment;

      B.     To be free from excessive force;

      C.     To be free from malicious prosecution;

      D.     To receive a fair trial; and

      E.     To be free from the failure to intervene.

85.     As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.     This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

90. Plaintiff has complied with all conditions precedent to maintaining the instant action.

91. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff AQUIL DUNBAR.

94. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

95. Defendants caused plaintiff AQUIL DUNBAR to be prosecuted without probable cause until the charges were dismissed.

96. As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

97. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff AQUIL DUNBAR.

99.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

100.    As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

103.    As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

15

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

104.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

106.    Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*

107.    As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against the Defendants Officers and Defendant City of New York)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Plaintiff's rights to be free from excessive force, false arrest, malicious prosecution, right to fair trial, and failure to intervene were violated by the conduct of the

16

defendants in violation of New York City Administrative Code § 8-801 through 8-807.

110.    The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

111.    Qualified immunity is no defense to this claim.

112.    As a result of the foregoing, plaintiff AQUIL DUNBAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff AQUIL DUNBAR demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
       November 30, 2025

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff AQUIL DUNBAR
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132

By:    _Brett Klein_____
       BRETT H. KLEIN (BK4744)

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

AQUIL DUNBAR,

                                                      Plaintiff,

              -against-

CITY OF NEW YORK, BRIAN FEELEY, Individually,                    Index No.:
JONATHAN MARTINEZ, Individually, CHRISTIAN LOPEZ,
Individually, AVINASH PATEL, Individually, ELIAS WALLEN,
Individually, DANIEL STAFFA, Individually, ALEX VIERA,
Individually, MICHAEL MANCILLA, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown)

                                                      Defendants.

---------------------------------------------------------------------------------X


**COMPLAINT**




**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132